UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG S. WILSON, | ) | CASE NO. 5:21-cv-984 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| KELSEE R. OSBORN, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of defendant Kelsee R. Osborn ("Osborn" or "defendant") to dismiss the claims of malicious prosecution and intentional infliction of emotional distress. (Doc. No. 19.) Plaintiff Craig S. Wilson ("Wilson" or "plaintiff") filed a memorandum in opposition (Doc. No. 20) and Osborn filed a reply (Doc. No. 21.) In his opposition brief, Wilson consents to dismissal of the claim of intentional infliction of emotional distress. (Doc. No. 20 at 2[1] n.1.) For the reasons set forth herein, Osborn's motion is **granted** in full.

**I.      Background**

Wilson initiated this lawsuit under 42 U.S.C. § 1983 by filing his complaint on May 12, 2021, naming as defendants Osborn, in her individual capacity, and the Ohio State Highway Patrol. The complaint has been amended twice. The current pleading—the second amended complaint (Doc. No. 17)—dismissed the Ohio State Highway Patrol in response to a motion to dismiss. Osborn is the sole remaining defendant.

---

[1] All page number references are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

Wilson[2] alleges that, on July 4, 2020, while he was driving his vehicle northbound on I-77 in Summit County, Ohio, Osborn pulled him over and administered several field sobriety tests. Wilson was ultimately arraigned in Akron Municipal Court, charged with one count of OVI and one count of marked lanes/weaving. The charges were eventually dropped at the request of the State of Ohio, thus resolving in Wilson's favor. Wilson claims that Osborn, acting under color of state law, violated his constitutional rights under the Fourth and Fourteenth Amendments.

The second amended complaint states four causes of action: (1) deprivation of Wilson's right to be free from unreasonable searches and seizures as guaranteed by the Fourth/Fourteenth Amendments and in violation of Section 1983 for Osborn's detention of Wilson for the administration of field sobriety tests; (2) deprivation of Wilson's right to be free from unreasonable searches and seizures as guaranteed by the Fourth/Fourteenth Amendments and violation of Section 1983 for Osborn's arrest of Wilson; (3) malicious prosecution; and (4) intentional infliction of emotional distress.

Osborn's motion seeks dismissal of counts three and four. Wilson consents to dismissal of count four, but challenges dismissal of count three, claiming that Osborn has mischaracterized it as a state law claim.

**II. Discussion**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "When there are well-pleaded factual

---

[2] Wilson is a police officer employed by the Northfield Police Department in the Village of Northfield, Ohio. (Doc. No. 17 ¶ 1.)

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

Osborn's motion asserts that, until the Ohio Court of Claims rules otherwise, she enjoys personal immunity under state law from Wilson's tort claim of malicious prosecution. (Doc. No. 19 at 3.) In opposition, Wilson argues that count three is not a state law claim but is, rather, premised upon Osborn's deprivation of his Fourth Amendment rights. In reply, Osborn argues that Wilson's complaint fails to allege all the necessary elements of a Section 1983 malicious prosecution claim, in that it fails to allege a deprivation of liberty separate from the initial seizure.[3]

"The Sixth Circuit recognizes a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment, which encompasses wrongful investigation, prosecution, conviction, and incarceration." *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quotation marks and citations omitted).

> To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove the following: First, the plaintiff must show that a criminal prosecution was initiated against the plaintiff and that the defendant "ma[d]e, influence[d], or participate[d] in the decision to prosecute." . . . Second, because a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution . . . . Third, the plaintiff must show that, "as a consequence of a legal proceeding," the plaintiff suffered a "deprivation of liberty," as understood in our Fourth Amendment jurisprudence, apart from the initial seizure . . . . Fourth, the criminal proceeding must have been resolved in the plaintiff's favor.

*Id*. at 308–09 (internal citations omitted).

---

[3] To state a claim under section 1983, a plaintiff must establish two elements: "1) the deprivation of a right secured by the Constitution or laws of the United States and 2) [that] the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (alteration added) (citation omitted).

Osborn argues that an initial arrest and related detention do not constitute "deprivation of liberty" for purposes of establishing a malicious prosecution claim. (Doc. No. 21 at 2, citing *Billock v. Kuivila*, No. 4:11-cv-2394, 2013 WL 591988, at *6 (N.D. Ohio Feb. 14, 2013) (collecting cases).) Osborn is correct.[4]

### III. Conclusion

For the reasons set forth herein, Osborn's motion to dismiss count three (malicious prosecution) is granted. Further, upon Wilson's consent expressed in his opposition brief, count four is also dismissed. The case will proceed on the first and second counts only.

**IT IS SO ORDERED**.

Dated: September 23, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[4] Although Osborn first raised this argument in her reply brief (which is ordinarily not permitted), she did so in response to Wilson's assertion in his opposition brief that her motion had misconstrued the malicious prosecution claim as a state law tort claim. The third cause of action, unlike the first and second causes of action, makes no mention of section 1983. As a result, it is easy to see how one might construe it as a state law tort claim; thus, once Wilson clarified his claim, Osborn's reply argument was proper. Giving Wilson's allegations the benefit of the doubt (as one must on a motion to dismiss), Osborn's reply accepts Wilson's assertion that count three sets forth a federal claim, but still challenges the sufficiency of the allegations even under that theory. (Although he could have, Wilson did not seek leave to file a sur-reply to respond to Osborn's challenge once he clarified his claim.)